Mr. Chief Justice Sharkey
delivered the opinion of the Court.
Dougherty recovered a judgment against Compton & Oldham, and the sheriff having collected the money under execution, William Laughlin came in and moved the Court that it should be paid him, on the ground that the judgment had been assigned to him. This motion the Bank of Port Gibson resisted, claiming also as as-signee ; so that the contest is really between the Bank of Port Gibson and Laughlin. Laughlin introduced, as evidence of his claim, the attorney’s receipt for the note, and also a letter from the attorney, saying that the receipt would entitle him to the money. The Bank *108 of Port Gibson proved that Carpenter, the individual who placed the note in the hands of the attorney for collection, had directed him to pay it to the Bank of Port Gibson, and that he had transferred the receipt to Laughlin by mistake. The Court directed the money to be paid to Laughlin, to which the Bank of Port Gibson' excepted, and is now the plaintiff in error. Dougherty, the plaintiff, seems to have taken no part in the matter; Carpenter being looked upon as the ostensible person. We cannot say the Court committed an error. Neither party showed a very good title to the money. No assignment was shown except from vague circumstances. If the Court had decided against both, perhaps its decision would have been equally unexceptionable. Certainly the Bank of Port Gibson has' not shown such a right as to entitle it to be a plaintiff in error in a court of law. If there was error, it was not to its prejudice. The judgment must therefore be affirmed.